IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald Hayes,<br><br>            Plaintiff,<br><br>vs.<br><br>American General Finance,<br><br>            Defendant. | C/A No. 3:10-80-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Ronald Hayes ("Hayes"), who is self-represented, filed a Complaint in the Court of Common Pleas in Richland County purporting to assert twenty-five causes of action for breach of contract and violation of various federal and state statutes against the defendant, American General Financial Services, Inc.[1] ("American General"). American General removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331 (Federal Question) and § 1367 (Supplemental Jurisdiction). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on American General's motion to dismiss. (Docket Entry 11.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Hayes of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (Docket Entry 13.) Hayes filed a response in opposition. (Docket Entry 15.) The defendant filed a reply. (Docket Entry 17.) Having reviewed the parties' submissions and the Complaint filed in this matter, the court finds that American General's motion should be granted.

---

[1] The defendant asserts that it was misidentified in the Complaint as American General Finance.

## BACKGROUND

Although the Complaint contains no factual allegations, this matter appears to arise from a debt owed by Hayes to American General.

## DISCUSSION

**A.    Rule 12(b)(6) Standard**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se*

complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's *factual* allegations, not its legal conclusions. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555.

> Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:
>
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

**B.     Hayes's Complaint**

Even liberally construing Hayes's Complaint in accordance with the law discussed above so as to do justice as required by Rule 8(e), the court finds that Hayes's Complaint[2] fails to satisfy the pleading standard outlined by the United States Supreme Court in Iqbal and Twombly. Each purported "count" essentially contains two sentences, one alleging that American General committed some form of wrongdoing—e.g., that it breached a contract or violated a statute—and another

---

[2] Hayes's Complaint is actually captioned as a "petition."

demanding a particular amount of monetary relief.  The Complaint alleges absolutely no supporting facts.  The first four counts of the Complaint are illustrative and merely allege that "Defendant breached contract with Ronald Hayes for failure to honor" various provisions of the Uniform Commercial Code or the Rules of Evidence.  (Docket Entry 1-2 at 3-4.)  Similarly, Counts Fifteen through Eighteen each assert that "Defendant violated [a federal statute].  Plaintiff seeks sum amount $1,000."  (Id. at 5.)  All of the other counts of the Complaint run in a similar vein.

Such naked assertions, devoid of any factual enhancement, constitute precisely the type of conclusory statements that were rejected by Iqbal and Twombly.  In considering a Rule 12(b)(6) motion to dismiss, the court must not accept such legal conclusions as true, and the Complaint in this matter provides no factual averments that the court can accept as true in considering whether it asserts a plausible claim for relief.  The Complaint must therefore be dismissed.

### RECOMMENDATION

The plaintiff has failed to plead any factual content that allows the court to draw the reasonable inference that the defendant is liable for any misconduct alleged.[3]  Iqbal, 129 S. Ct. at 1949.  The court therefore recommends that the defendant's motion to dismiss (Docket Entry 11) be granted and that any pending motions (Docket Entries 16 & 21) be terminated.

*signature: Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] The court further observes that Hayes has made no effort to cure the deficiencies raised by American General's motion.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).