**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Ronald Hayes, ) | C/A NO. 3:10-80-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| American General Finance, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action Plaintiff, proceeding *pro se*, asserts various federal and state-law claims against American General Finance[1] related to an alleged breach of contract. This matter is currently before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the court grants this motion and dismisses this action.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On March 25, 2010, the Magistrate Judge issued a Report recommending that the court grant Defendant's motion to dismiss because Plaintiff's Complaint contained no factual allegations. The Report concluded that, even liberally construing the Complaint, it did not meet the pleading standards set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Dkt. No. 23; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must liberally construe *pro se* complaints). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so by fourteen days after service

---

[1] Defendant points out that its proper name is "American General Financial Services, Inc." Dkt. No. 11-1 at 1.

of the Report, which was April 12, 2010. Neither party filed an objection. This matter is now before the court for review of the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

Because neither party filed an objection to any aspect of the Report, the court reviewed its reasoning and recommendations for clear error. Having done so, the undersigned finds no errors in the Report and concurs in its analysis. Accordingly, the court **adopts** the Report in all respects, **grants** Defendant's motion, and **dismisses** this action without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 26, 2010